IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:09-CR-00054-F-2
No. 4:13-CV-00075-F

| | | |
|---|---|---|
| DONALD JUNIOR COPPEDGE, | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | <u>O R D E R</u> |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-225] Donald Junior Coppedge's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-216]. Also before the court is Coppedge's Supplemental Motion [DE-221] and Motion to Appoint Counsel [DE-261]. The issues have been fully briefed and are now ripe for ruling. For the reasons set forth below, the Government's Motion to Dismiss is ALLOWED, Coppedge's section 2255 motion and Supplemental Motion are DISMISSED, and Coppedge's Motion to Appoint Counsel is DENIED.

## I. Factual and Procedural Background

On July 9, 2009, Coppedge was charged in four counts of a superseding indictment. *See* Superseding Indictment [DE-16]. In Count One, Coppedge was charged with conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 846. Counts Two and Three charged Coppedge with distribution of a quantity of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). In Count Five, Coppedge was charged with possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. 841(a)(1).

Coppedge's arraignment was held on January 20, 2010. At his arraignment, Coppedge entered a plea of not guilty as to all counts charged and exercised his right to a jury trial. Following a five-day jury trial, Coppedge was found guilty of Counts Two and Five. Coppedge was found not guilty of Counts One and Three.

On July 8, 2010, the court held Coppedge's sentencing hearing. Coppedge was sentenced to 240 months' imprisonment on Count Two and 240 months' imprisonment on Count Five. *See* Judgment [DE-132]. It was ordered that the sentence imposed in Count Five was to be served concurrently with the sentence imposed in Count Two.

Coppedge filed a Notice of Appeal [DE-130] on July 13, 2010.[1] In an unpublished opinion [DE-198], the Fourth Circuit Court of Appeals affirmed Coppedge's conviction and sentence. Coppedge did not file a petition for certiorari with the United States Supreme Court.

On March 21, 2013, Coppedge filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-216]. In his section 2255 motion and Supplemental Motion, Coppedge argues that he is entitled to relief on the following grounds: (1) this court's finding that he was responsible for 6.9 kilograms of cocaine base and 2.7 kilograms of cocaine was error; (2) this court erred in applying a three-level enhancement pursuant to U.S.S.G. § 3B1.1(a); (3) this court improperly classified him as a career offender; (4) his attorney provided ineffective assistance of counsel by failing to move for a Rule 29 motion while the jury was still

---

[1] Coppedge raised the following issues on appeal: (1) the district court erred in denying his motion to suppress the statements he made on July 21, 2009; (2) the district court improperly applied the career offender enhancement and the § 841 statutory maximum sentence in calculating his sentencing guidelines range; (3) the district court attributed an incorrect drug weight to him; (4) the district court erroneously failed to apply the Fair Sentencing Act to his sentence; and (5) the district court improperly applied the managerial enhancement to him. [DE-198] at 6.

2

in session; (5) the prosecutor engaged in prosecutorial misconduct by knowingly allowing Government witnesses to testify falsely; and (6) the prosecutor engaged in prosecutorial misconduct by failing to disclose criminal activity by Detective Rose Edmunds.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level'" and plaintiff must allege "'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

## III. Discussion

### A. Section 2255 Motion and Supplemental Motion

#### 1. Coppedge's first and second claims are procedurally defaulted.

3

In his first claim, Coppedge alleges that the court's finding that he was responsible for 6.9 kilograms of cocaine base and 2.7 kilograms of cocaine was error because it was not determined by a judge or jury. [DE-216-1] at 7. Coppedge alleges in his second claim that the court erred in applying a three-level enhancement pursuant to U.S.S.G. § 3B1.1(a) because the issue was not submitted to a jury and determined beyond a reasonable doubt. [DE-216-1] at 7-8.

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States,* 523 U.S. 614, 621 (1998) (internal quotation marks omitted). When a defendant procedurally defaults a claim by failing to raise it on direct appeal, the claim is cognizable in habeas "only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Id.* at 622 (citations omitted).

In order to show "cause" for a procedural default, the movant must demonstrate that some objective factor external to the record impeded his counsel's efforts to bring a claim on direct appeal. *Murray v. Carrier,* 477 U.S. 478, 492 (1986); *Turner v. Jabe,* 58 F.3d 924, 927 (4th Cir. 1995). "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas,* 186 F.3d 490, 493 (4th Cir. 1999) (citing *Murray,* 477 U.S. at 488). In order to avoid a procedural default based on the "actual innocence" exception, a movant must show that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him because of his "factual innocence, not mere legal insufficiency." *Bousley,* 523 U.S. at 623.

Coppedge has failed to allege that some objective factor external to the record prevented him from raising his first and second claims on direct appeal. Moreover, although Coppedge

4

attempts to allege actual innocence, he has simply not met his burden of demonstrating that in light of all the evidence it is more likely than not that no reasonable juror would have convicted him. As noted, Coppedge had a trial and was convicted of Counts Two and Five. Accordingly, because Coppedge has failed to demonstrate either "cause" and "actual prejudice," or that he is actually innocent, Coppedge's first and second claims are procedurally defaulted and must be dismissed.

### 2. Coppedge's third claim has already been litigated.

In his third claim, Coppedge alleges that this court improperly classified him as a career offender in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). [DE-216-1] at 12-14. This issue was addressed and rejected by the Fourth Circuit Court of Appeals. *See* [DE-198] at 9-11. Absent a change in the law, a petitioner cannot relitigate in collateral proceedings an issue that has been rejected on direct appeal. *See United States v. Roane*, 378 F.3d 382, 396 n.7 (4th Cir. 2004) (citing *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976)). Consequently, Coppedge's third claim must fail.

### 3. Coppedge has failed to sufficiently allege ineffective assistance of counsel in his fourth claim

Coppedge alleges in his fourth claim that he received ineffective assistance of counsel at trial when his attorney failed to move for a Rule 29 motion while the jury was still in session. [DE-216-1] at 16-18. Coppedge argues that his attorney's failure to move for a Rule 29 motion while the jury was in session was prejudicial *per se*. *Id.* at 17-18.

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his

5

defense. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck,* 611 F.3d 183, 186 (4th Cir. 2010). As to the first prong, the petitioner must show that counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland,* 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. With respect to the second prong, the petitioner must demonstrate that counsel's inadequate performance prejudiced him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.*

This claim must fail under *Strickland* because Coppedge has not sufficiently alleged prejudice. Specifically, Coppedge has failed to suggest there is a reasonable probability that if his attorney had moved for the Rule 29 motion while the jury was still in session, the court would have allowed the motion. Consequently, Coppedge's fourth claim must fail.

### 4. Coppedge has failed to sufficiently allege prosecutorial misconduct in his fifth and sixth claims.

In order for a prosecutor's conduct to qualify as prosecutorial misconduct, the conduct must have "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *United States v. Scheetz,* 293 F.3d 175, 185 (4th Cir. 2002) (quoting *United States v. Morsley,* 64 F.3d 907, 913 (4th Cir. 1995)). Reversible prosecutorial misconduct has two components: first, the defendant must establish that the prosecutor's remarks or conduct were

6

improper; and second, the defendant must establish that such remarks or conduct prejudicially affected his substantial rights such that he was deprived of a fair trial. *Id.* (citing *United States v. Mitchell*, 1 F.3d 235, 240 (4th Cir.1993)). When assessing prejudice, the court must consider the following:

> (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters; (5) whether the prosecutor's remarks were invited by improper conduct of defense counsel; and (6) whether curative instructions were given to the jury.

*United States v. Wilson*, 624 F.3d 640, 656-57 (4th Cir. 2010) (citing *Scheetz*, 293 F.3d at 186). The court will address both of Coppedge's prosecutorial misconduct claims with this standard in mind.

### a. Allowed Government witnesses to testify falsely

In his fifth claim, Coppedge alleges that the prosecutor engaged in prosecutorial misconduct by knowingly allowing Government witnesses to testify falsely. [DE-221] at 1.

The court concludes that this claim must fail because Coppedge has not sufficiently alleged prejudice. Specifically, Coppedge has failed to suggest that the prosecutor's conduct prejudicially affected his substantial rights such that he was deprived of a fair trial. Accordingly, Coppedge's fifth claim must fail.

### b. Failed to disclose criminal activity

Coppedge alleges in his sixth claim that the prosecutor engaged in prosecutorial

7

misconduct by failing to disclose criminal activity by Detective Rose Edmunds. [DE-221] at 3-4.

The court finds that Coppedge's sixth claim must fail because Coppedge has failed to allege any prejudice from the prosecutor's alleged failure to disclose criminal activity by Detective Rose Edmunds. Therefore, Coppedge's sixth claim must fail.

## B. Motion to Appoint Counsel

Coppedge has filed a Motion to Appoint Counsel [DE-261], in which he seeks the appointment of counsel to assist him with pursing his section 2255 motion. There is no constitutional right to counsel in section 2255 proceedings. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions[.]"); *United States v. Williamson,* 706 F.3d 405, 416 (4th Cir. 2013).

In this case, the court concludes that the interests of justice do not require appointment of counsel to assist Coppedge with his section 2255 motion. Accordingly, Coppedge's Motion to Appoint Counsel is DENIED.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-225] is ALLOWED, and Coppedge's section 2255 motion [DE-216] and Supplemental Motion [DE-221] are DISMISSED. Further, Coppedge's Motion to Appoint Counsel [DE-261] is DENIED. The court concludes that Coppedge has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

8

This the 16th day of March, 2015.            _James C Fox_____
                                              James C. Fox
                                              Senior United States District Judge
9